# 24-1617

___

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

___

### In re: MATTHEW AMOSS,
*Appellant*

___

Appeal from the United States Patent and Trademark Office,
Trademark Trial and Appeal Board in
Serial No. 90703327

___

# REPLY BRIEF OF APPELLANT

Fabian Nehrbass
Julie Rabalais Chauvin
Vanessa M. D'Souza
GARVEY, SMITH & NEHRBASS,
PATENT ATTORNEYS, L.L.C.
701 Poydras Street, Suite 4310
New Orleans, LA 70139
Telephone: (504) 835-2000
fnehrbass@patents.gs
jchauvin@patents.gs
vanessadsouza@patents.gs

*Counsel for Appellant, Matthew Amoss*

FORM 9. Certificate of Interest | Form 9 (p. 1)
--- | ---
 | March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 24-1617

**Short Case Caption** In re: Amoss

**Filing Party/Entity** Matthew Amoss

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 04/02/2024     Signature: /s/ Fabian Nehrbass

               Name: Fabian Nehrbass

FORM 9. Certificate of Interest                                          Form 9 (p. 2)
                                                                         March 2023

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Matthew Amoss | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

FORM 9. Certificate of Interest                              Form 9 (p. 3)
                                                             March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable    ☐ Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)    ☑ No    ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable    ☐ Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |

# **TABLE OF CONTENTS**

 **Page**

TABLE OF AUTHORITIES ................................................................................. .iv

I.     INTRODUCTION ..............................................................................................1

II.    ARGUMENT .....................................................................................................2

      A. The Board erred in failing to recognize that GREAT BASIN COFFEE COMPANY was entitled to a limited scope of protection, as compared to arbitrary or suggestive marks…………….…2

      B. Saying is not doing. The Board failed to consider BASIN BEVERAGE CO., TAHOE BASIN and GREAT BASIN COFFEE COMPANY in their entireties………………………………4

      C. The Board erred in failing to consider all terms in its comparison of BASIN BEVERAGE CO. and NEW BASIN DISTILLING COMPANY………………………………………….6

      D. The Board misapplied *Palisades Pageants*……………………………6

      E. The Board erred in finding that the third-party marks did not weaken the scope of protection otherwise afforded to NEW BASIN DISTILLING COMPANY……………………………...8

      F. The Director's suggestion that prior decisions bear no weight misrepresents the law and Applicant's argument……..10

   III.    CONCLUSION……………………………………………………..11

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Brand3, Inc.*,
   Serial No. 90483463 (2023), (not precedent)……………………………..3, 4

*In re Hunke and Jochheim*,
   185 USPQ 188, 189 (TTAB 1975)…………………………………………2, 3, 4

*In re Morinaga Nyugyo K.K.*,
   120 USPQ2d 1738, 2016 WL 5219811 (TTAB 2016)………………………3

*In re Quick-Print Copy Shops, Inc.*,
   616 F.2d 523, 525 n.8 (CCPA 1980)…………………………………………10

*Indus. Nucleonics Corp. v. Hinde*,
   475 F.2d 1197, 1199 (CCPA 1973)…………………………………………10

*Palisades Pageants,*
   442 F.2d 1385 (C.C.P. A. 1971)………………………………………..6, 7, 9

*Stone Lion Capital Partners, L.P. v. Lion Capital LLP*,
   746 F.3d 1317 (Fed. Cir. 2014)………………………………………………...4

## I. <u>INTRODUCTION</u>

The Director's response cannot cure the Board's errors in finding a likelihood of confusion between BASIN BEVERAGE CO. and GREAT BASIN COFFEE COMPANY, TAHOE BASIN, and NEW BASIN DISTILLING COMPANY.[1] Applicant submits that the Director (1) fails to recognize the more limited scope of protection given to marks on the Supplemental Register, (2) fails to recognize the distinction between the Board stating it is considering marks in their entireties and the Board actually doing so, (3) fails to acknowledge the effect of the Board's misapplication of *Palisades Pageants*, and (4) fails to address the Board's misevaluation of the weakness of the term BASIN as it relates to classes 32 and 33.

In its decision, the Board disregards dominant terms (TAHOE, GREAT, NEW) preceding BASIN when finding confusion between BASIN BEVERAGE CO. and cited marks. At the same time, the Board relies upon the weight of dominant preceding terms (i.e. WILD, JEWEL) in order to justify its finding that BASIN BEVERAGE CO. is confusingly similar to NEW BASIN DISTILLING COMPANY (a registered mark for different goods), and not confusingly similar to other marks such as WILD BASIN or JEWEL BASIN (for the same goods). In finding a

---

[1] Applicant/Appellant submits that its opening brief sufficiently addresses much of the Director's arguments. The limited scope of this brief is not intended to waive any prior arguments or positions taken by Appellant/Applicant, Matthew Amoss.

1

likelihood of confusion, the Board fails to give weight to preceding dominant terms. The Director's attempts to justify the Board's approach are without merit.

## II. ARGUMENT

### A. The Board erred in failing to recognize that GREAT BASIN COFFEE COMPANY was entitled to a limited scope of protection, as compared to arbitrary or suggestive marks

Trademarks on the Supplemental Register have a weaker scope of protection than trademarks on the Principal Register. The Board erred in failing to treat GREAT BASIN COFFEE COMPANY as a mark on the supplemental register, and the Director's attempt at defending the Board's approach is without merit. As provided in Applicant's initial brief:

> it is well established that the scope of protection afforded a merely descriptive or even a highly suggestive term is less than that accorded an arbitrary or coined mark. That is, terms falling within the former category have been generally categorized as "weak" marks, and the scope of protection extended to these marks has been limited to the substantially identical notation and/or to the subsequent use and registration thereof for substantially similar goods.

*In re Hunke and Jochheim*, 185 USPQ 188, 189 (TTAB 1975). In its response brief, the Director alleges "the Board has expressly rejected the restrictive interpretation of *Hunke & Jochheim* that Appellant urges" (Appellee's Br. at 24). The Director is mistaken. First, Applicant did not offer a "restrictive interpretation" of *Hunke*. Applicant quoted *Hunke*. (*See* Appellant's Br. at 31-32). Second, the Board has not

2

rejected *Hunke*.² In fact, in a recent decision of the Board, *In re Brand3, Inc.*, Serial No. 90483463 (2023), (not precedent), the Board demonstrated *Hunke*'s continued applicability. In noting that marks on the Supplemental Register have a more limited scope of protection, the Board quoted the very language of *Hunke* quoted by Applicant, stating:

> However, the scope of protection of a mark on the Supplemental Register is more limited since it falls on the weaker end of the spectrum. As explained by the Board in *In re Hunke & Jochheim*, 185 USPQ 188, 189 (TTAB 1975) (cited in TRADEMARK MANUAL OF EXAMINING PROCEDURE ("TMEP") § 1207.01(b)(ix) (July 2022)):
>
>> [R]egistration on the Supplemental Register may be considered to establish prima facie that, at least at the time of registration, the registered mark possessed a merely descriptive significance. This is significant because it is well established that the scope of protection afforded a merely descriptive or even a highly suggestive term is less than that accorded an arbitrary or coined mark. That is, terms falling within the former category have been generally categorized as "weak" marks, and **the scope of protection extended to these marks has been limited to the substantially identical notation and/or to the subsequent use and registration thereof for substantially similar goods.**
>
> Emphasis added.

*In re Brand3, Inc.*, Serial No. 90483463 (2023), (not precedent), p. 8. The Board

---

² The Director's reliance on *In re Morinaga Nyugyo K.K.,* 120 USPQ2d 1738, 1743, 2016 WL 5219811 (TTAB 2016) is misplaced. The issue is not whether registrations on the Supplemental Register can be cited against a mark (they can), or whether a *different test* of likelihood of confusion is applied when citing marks on the Supplemental Register (it is not), but whether marks on the Supplemental Register have a more limited scope of protection (they do) and whether this fact should be considered in a likelihood of confusion analysis (it should).

3

went on to note that "[t]he guidance set forth in *Hunke & Jochheim* is consistent with the precedent of the U.S. Court of Appeals for the Federal Circuit affording marks on the Supplemental Register a more limited scope of protection." *In re Brand3, Inc.*, p. 8. The Board thus erred in failing to treat GREAT BASIN COFFEE COMPANY as a mark on the Supplemental Register and the Director's response is misguided. Applicant does not dispute that a mark on the Supplemental Register can be cited against an application on the Principal Register. It is the way in which the mark on the Supplemental Register must be treated, with a more limited scope of protection than a mark on the Principal Register, and precisely what the Board failed to do, which is what Applicant asserts and to which the Director's response is mistaken.[3] The weakness of GREAT BASIN COFFEE COMPANY, as a mark on the supplemental register, weighs against a finding of a likelihood of confusion, and the Board erred in finding otherwise.

### B. Saying is not doing. The Board failed to consider BASIN BEVERAGE CO., TAHOE BASIN and GREAT BASIN COFFEE COMPANY in their entireties

The Board engaged in improper dissection of the marks when it compared BASIN BEVERAGE CO. to TAHOE BASIN and GREAT BASIN COFFEE

---

[3] Even the owner of the GREAT BASIN COFFEE COMPANY mark recognized the impact descriptiveness has on its scope of protection when it acknowledged that it did not have the exclusive right to the terms GREAT BASIN. The Director relies on *Stone Lion Capital Partners, L.P. v. Lion Capital LLP*, 746 F.3d 1317 (Fed. Cir. 2014) in defending the Board's decision to consider this admission "irrelevant", but *Stone Lion* does not support a complete dismissal of a party's prior arguments. Rather, *Stone Lion* provides that a party's prior arguments may be considered, but that the Board must still reach its own conclusion. *Id.* at 1322.

COMPANY. Furthermore, its finding that the marks were similar in appearance, sound, connotation, and commercial impression is not supported by substantial evidence. In arguing the Board did not improperly dissect the marks, the Director notes that "The Board . .. **consistently stated** it was comparing the marks in their entireties." (Appellee's Br. at 37)(emphasis added). What the Board stated it was doing and what it did, however, are very different. Despite noting that it is often the first part of a mark which is of most importance (*See* Appx015 "it is often the first part of the mark which is most likely to be impressed upon the mind of a purchaser and remembered"), the Board disregarded TAHOE and GREAT in its comparisons. That is, despite stating that GREAT BASIN and TAHOE BASIN were the dominant portions of the cited marks, despite acknowledging "there are some differences visually and aurally", the Board found a common commercial impression between the marks based on the shared term of Basin. (Appx015-016). In order to arrive at its decision, the Board relied solely on the shared term BASIN. That is, TAHOE and GREAT may be dominant terms as well, but without explanation, they were disregarded. Despite substantial differences between the marks and even acknowledgment of the different appearances and sounds of the marks, the Board rested its entire decision on a single shared term, BASIN. In doing so, it improperly dissected the marks, failing to evaluate the marks in their entireties and to give the substantial weight to TAHOE and GREAT to which such terms are entitled.

5

Accordingly, the Board's finding that the similarity of the marks weighed in favor of a likelihood of confusion is based on an incorrect and incomplete analysis of the marks and not supported by substantial evidence. The Director's emphasis on what the Board said it was doing cannot change what the Board actually did.

### C. The Board erred in failing to consider all terms in its comparison of BASIN BEVERAGE CO. and NEW BASIN DISTILLING COMPANY

Similarly, the Board failed to consider all terms in its comparison of BASIN BEVERAGE CO. and NEW BASIN DISTILLING COMPANY. The Director's assertion to the contrary is unsupported by the record. As noted in Applicant's initial brief, the Board's twenty three page opinion devotes a mere nine lines in addressing the similarity of the marks (Appellant Br. 11-12). Despite the Director's contention to the contrary, there is no evidence that the Board considered the disclaimed terms DISTILLING COMPANY in its comparison (Appellee Br. 39). Rather, the Board only noted that the terms were disclaimed.

### D. The Board misapplied *Palisades Pageants*

The Director's attempt to defend the Board's misapplication of *Palisades Pageants* is without merit. In its brief, the Director fails to acknowledge that: (1) BASIN BEVERAGE CO. does not wholly incorporate NEW BASIN DISTILLING COMPANY (as LITTLE MISS AMERICA did with MISS AMERICA); and that (2) NEW BASIN DISTILLING COMPANY is not "exceedingly well known" (as MISS

6

AMERICA was). The Director also attempts to defend the Board's incorrect reading of *Palisades Pageants* wherein the Board stated that the "adjective 'little' only directed attention to the words 'Miss America' that followed". Specifically, the Director alleges that because this Court's predecessor did not indicate that "LITTLE" served any other purpose, adding the term "only" is proper. (Appellee's Br. 39-40 n.7). The Director's attempt to recast *Palisades Pageants* is without merit. The Court in *Palisades Pageants* provided that LITTLE MISS AMERICA was closer to MISS AMERICA than the other third party marks because it "bodily incorporates [the MISS AMERICA] mark" and that "merely adding an adjective to the beginning" of MISS AMERICA (in this case the term LITTLE) would direct attention to the words which follow. The Court in *Palisades Pageants* did not state that the adjective LITTLE served no other purpose. Yet the Director alleges it is ok to read such language into the decision because the Board erroneously did so. Notably, the Director then hedges, stating that "any misreliance on *Palisades Pageants*" does not affect the Board's determination of the similarity of the marks, thus implying there is some other analysis or rationale behind the Board's decision (Appellee's Br. 40 n.7**).** However, there is not. As fully examined in Applicant's original brief, the Board's analysis failed to address the appearance of the marks, the sounds of the marks, and the connotations of the marks. (Appellant's Br. 11-12). The Board found NEW to be one of two dominant terms in NEW BASIN DISTILLING

7

COMPANY and only disregarded the term based on the alleged applicability of *Palisades Pageants*. Because the term NEW was improperly disregarded based on a misreading of *Palisades Pageants*, the Board erred in its comparison of NEW BASIN DISTILLING COMPANY and BASIN BEVERAGE CO. As explained thoroughly in Applicant's original brief, the Board's finding that the similarity of the marks supported a finding of a likelihood of confusion is not supported by substantial evidence.

### E. The Board erred in finding that the third-party marks did not weaken the scope of protection otherwise afforded to NEW BASIN DISTILLING COMPANY

The Board also erred in failing to find that third party use and registrations including the term BASIN weigh heavily in favor of Applicant and against a finding of a likelihood of confusion when comparing BASIN BEVERAGE COMPANY and NEW BASIN DISTILLING COMPANY. In its response, the Director failed to address how BASIN BEVERAGE CO. is admittedly not confusingly similar to the following marks (many for *identical goods*):

1. WILD BASIN

2. JEWEL BASIN

3. ACE BASIN COCKTAIL CO.

4. BASIN & RANGE

5. KLAMATH BASIN BREWING (stylized)

6. HELIO BASIN (stylized)

7. BASIN OF ATTRACTION

8. RIVER BASIN

9. LOOMIS BASIN BREWING COMPANY

10. BEEHIVE BASIN BREWERY

11. GREAT BASIN BREWING CO.

12. BIG BASIN[4]

but would somehow be confusingly similar to NEW BASIN DISTILLING COMPANY (for non-identical goods).

Only by failing to consider all the terms of the cited mark, ignoring NEW and DISTILLING COMPANY, could the Board find that the cited mark was more similar to Applicant's mark than the aforementioned marks. The Director does not address this point. It is impossible to both apply *Palisades Pageants* in a manner

---

[4] Applicant also submits that the Board also erred in failing to consider TURNING BASIN and a WILD BASIN mark as nothing more than pending applications, when they had been allowed. There is no decision from this Court that the Board or the Director rely upon in doing so. Because pending applications can be cited against an applied for mark based on an alleged likelihood of confusion (as was done in this application), Applicant submits it would be illogical to not consider how a pending application, *which has been allowed*, can serve as evidence of the weakness of a specific term. The fact that an application has been allowed shows that the Examiner did not view that application as likely to be confused with the existing registrations. Such an allowance is indicative of the strength or weakness of a term and should not be disregarded.

where the preceding adjective NEW "only" serves to direct attention to the word that follows, and yet at the same time give weight to the cited registrations that also have a preceding adjective such as WILD, JEWEL, and RIVER. Either the word preceding BASIN matters, or it does not. The Board's discount of NEW but apparent emphasis on other preceding adjectives is without merit. The Director does not address this point.

### F. The Director's suggestion that prior decisions bear no weight misrepresents the law and Applicant's argument

Applicant presents a number of decisions to support its position that the Board's failure to consider each mark in its entirety and failure to consider any weakness in the cited marks resulted in improper findings of a likelihood of confusion. The Director attempts to disregard these decisions, stating they are of little value. (Appellee's Br. 29). The two decisions cited by the Director[5] stand for the position that the Board's prior decisions on a term or phrase[6] or prior related mark[7] do not dictate what it must do in a later decision. However, the decisions do not provide that prior decisions are irrelevant and should be wholly disregarded, as

---

[5] The Director cites *In re Quick-Print Copy Shops, Inc.*, 616 F.2d 523, 525 n.8 (CCPA 1980) and *Indus. Nucleonics Corp. v. Hinde,* 475 F.2d 1197, 1199 (CCPA 1973).

[6] In *Quick-Print*, the Appellant sought to rely on a prior decision "WE PRINT-IT IN A MIN-IT" in support of its position that QUIK-PRINT was suggestive – that is, the Appellant was looking to bind the Court to a prior decision on its interpretation of a specific term.

[7] In *Indus. Nucleonics Corp. v. Hinde,* 475 F.2d 1197, 1199 (CCPA 1973), the issue was whether a prior decision involving the appellant was precedent to be followed.

10

suggested by the Director. The prior decisions cited by Applicant serve to highlight the Board's errors.

## III. CONCLUSION

The Board erred when it determined that there was a likelihood of confusion between Applicant's mark of BASIN BEVERAGE CO. and NEW BASIN DISTILLING COMPANY with respect to Classes 32 and 33 and TAHOE BASIN AND GREAT BASIN COFFEE COMPANY with respect to Class 30. As explained, the Board erred in its *DuPont* analysis, by *inter alia*, failing to consider the marks *in their entireties* and failed to give proper weight to third party use. Giving proper consideration to the marks in their entireties and to third party use demonstrates why the Board's finding of likelihoods of confusion are without substantial evidence. Accordingly, the Board's Final Decision affirming the refusal to register Appellant's mark BASIN BEVERAGE CO. should be reversed.

                           Respectfully submitted,

                           /Fabian Nehrbass/
                           Fabian Nehrbass
                           USPTO Reg. No. 77,655
                           Louisiana Bar No. 35,264
                           GARVEY, SMITH & NEHRBASS,
                           PATENT ATTORNEYS, L.L.C.
                           701 Poydras Street, Suite 4310
                           New Orleans, LA  70139
                           Tel.: (504) 835-2000
                           e-mail: FNehrbass@patents.gs

                           *Counsel for Appellant, Matthew Amoss*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 8th day of November, 2024, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Daniel Stringer, Associate Solicitor
Erica Jeung Dickey
Christina J. Hieber
Farheena Yasmeen Rasheed
United States Patent and Trademark Office
Office of the Solicitor
PO Box 1450
Mail Stop 8
Alexandria, Virginia 22313
(571) 270-3514
daniel.stringer@uspto.gov
erica.dickey@uspto.gov
christina.hieber@uspto.gov
farheena.rasheed@uspto.gov
*Counsel for Appellee*

                                        /s/ Fabian Nehrbass
                                        *Counsel for Appellant, Matthew Amoss*

# **CERTIFICATE OF COMPLIANCE**

1. This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

   [ X ] this brief has been prepared using a proportionally-spaced typeface and includes [3,196] words.

   [   ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2. This brief complies with the typeface and type style requirements because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: November 8, 2024                /s/ Fabian Nehrbass_____
                                       *Counsel for Appellant, Matthew Amoss*